### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JEANNE SCOTT TURNER**                                                                              **PLAINTIFF**

**v.**                                          **No. 3:23-cv-00252-MPM-JMV**

**BOYD TUNICA, INC., d/b/a SAM'S TOWN**
**HOTEL AND GAMBLING HALL**                                                     **DEFENDANT**

### ORDER

This is a premises liability case, and the Court has jurisdiction based on diversity of citizenship. The matter is before the Court on the Motion for Summary Judgment [34] filed by Defendant Boyd Tunica, Inc. ("Boyd Tunica"). The plaintiff has responded in opposition to the motion [42], and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

### BACKGROUND

On September 11, 2020, Plaintiff Jeanne Scott Turner slipped and fell at defendant's establishment, Sam's Town Hotel and Gambling Hall.[1] Ms. Turner was walking from the parking lot to the entrance of the casino when she "slipped on slippery algae like substance which had formed in puddles near the valet entrance." [43] at 1. In the fall, Ms. Turner hit her head on the pavement and sustained injuries to her "head, low back and neck." [2] at 3.

The plaintiff brought suit against Boyd Tunica alleging, *inter alia*, that her injuries were due to the defendant's negligence:

> Defendant should have had knowledge of the dangerous conditions due to the condition of the road and the fact that water had been there long enough that a large amount of algae had grown in the puddles. If Defendant actually inspected the property during the time it took for algae to grow, or even looked at the security

---

[1] In analyzing the motion, the Court considers the facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. The Court is making no factual findings at this stage.

1

footage, they would have seen this water. If not for their failure to make reasonable inspections and correct the dangerous condition, Mrs. Turner would not have been injured in this way.

[43] at 7. The defendant now seeks summary judgment in its favor.

## **LEGAL STANDARDS**

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). At the summary judgment stage, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1076.

The Court has jurisdiction based on diversity of citizenship, and so Mississippi substantive law applies in this case. *Cox v. Wal-Mart Stores East, LP*, 755 F.3d 231, 233 (5th Cir. 2014); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Premises liability analysis under

Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Cox*, 755 F.3d at 233. All agree that Ms. Turner's status when the incident occurred was that of a business invitee. "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008). A premises owner also has a duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Id.* at 1200 (citing *Gaines v. K-Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)). "The breach of either duty supports a claim of negligence." *Pigg*, 991 So. 2d at 1200.

## DISCUSSION

Disputes as to material facts preclude summary judgment in this case. Each side presents evidence that supports its narrative of the case. The plaintiff theorizes that a sprinkler leak caused the water to accumulate on the pavement which, in turn, allowed the algae to form; that this water and algae growth, in a roadway frequented by patrons entering the establishment, created a dangerous condition about which the hotel knew or should have known but failed to address; and that the growth of algae demonstrates that the situation persisted long enough for the defendant to discover and correct the hazardous condition. The defendant argues that there is no evidence that Boyd Tunica was responsible for the water on the roadway; that the grounds are routinely inspected by the grounds crew; that members of the grounds crew are trained to report hazardous conditions; and that the contractor responsible for the sprinklers had reported no issues in the three years prior to Ms. Turner's fall.

3

The evidentiary record includes, without limitation, several hours of surveillance footage of the parking lot and inside the premises; depositions of Jeanne Turner, Ricky Turner, Jeremy Turner, Clarence Rucker, and Garry Potts; and photographs of the scene. Material facts in dispute include, without limitation, whether sprinklers caused or contributed to the pooled water in the road; whether algae or a similar substance caused or contributed to the fall; and whether the defendant engaged in reasonable inspections of the property.

Finally, reasonableness is a quintessential question of fact. A trier of fact must determine whether Boyd Tunica maintained the premises in a reasonably safe condition and provided adequate warning of dangerous conditions of which it knew or should have known. Ms. Turner's claims are not without support, as both she and her husband testified[2] that the water spilled into the road from the lawn, and photographs depict both the pooled water and the algae the Turners described. Summary judgment is not appropriate in this fact-intensive case.

## CONCLUSION

For these reasons, the defendant is not entitled to the requested relief. Accordingly, Defendant Boyd Tunica's Motion for Summary Judgment [34] is **DENIED**.

**SO ORDERED** this the 19th day of July, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] In her deposition, the plaintiff described the water as "[s]eeping out from these raised areas." [34-2] at 10. Mr. Turner described the water as "trickling over the edge of [the curb]." [34-3] at 12.